UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-20708-cr-KMW

UNITED STATES OF AMERICA

vs.

SHORELINE FOUNDATION, INC,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and SHORELINE FOUNDATION, INC., (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the Information, which charges the defendant withfalse, fictitious, or fraudulent claims, in violation of Title 18, United States Code, Sections287 and 2.

2. This elements of this offense are

    (1) that an employee or agent of the Defendant knowingly presented, or caused to be presented, a false claim against the United States to an agency of the United States;

    (2) that that the claim was based on a false or fraudulent material fact; and

    (3) that an employee or agent of the Defendant acted intentionally and knew that the claim was false and fraudulent;

    (4) that each of the acts committed by the employee or agent of the Defendant were within the course and scope of the employment or agency given to the employee or agent by the corporate defendant; and

    (5) that the employee or agent of the Defendant committed each of the essential elements of the offense, motivated at least in part, by an intent on the part of the officer, director, employee or agent, to benefit the corporation.

1

3.  The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").  The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.  Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.  The defendant also understands and acknowledges that the Court may impose a statutory maximum fine of the greater of $500,000 or twice the gross gain or loss. In addition, the Court may impose a term of probation of not less than one year nor more than five years, and may order restitution.

5.  The defendant further understands and acknowledges that, in addition to any

2

sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $400will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will recommend an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. This Office, however, will not be required to make these recommendations if the defendant: (1) fails or

3

refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

> (1) <u>Loss</u>: That the relevant amount of actual, probable or intended loss under Section 2B1.1(b)(1) of the Sentencing Guidelines resulting from the offense committed in this case is $30,000.

9. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines.

10. This Office and the defendant agree and understand that debarment and suspension are administrative processes that are separate and distinct from the defendant's criminal conviction, that the relevant authority for debarment and suspension is the Department of Homeland Security ("DHS"), and that DHS alone makes adjudications of debarment and suspension. To the extent that DHS considers debarment or suspension of the defendant for the acts giving rise to this offense, this Office shall recommend that the defendant be neither debarred or suspended. This Office shall be under no affirmative obligation to make this recommendation, and shall only do so in response to a request from the relevant debarment and suspension authority.

4

11. Although not binding on the probation office or the Court, this Office and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case.

12. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw its plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

13. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 10/25/18  By: _____
JAIME A. RAICH
ASSISTANT UNITED STATES ATTORNEY

Date: 10/25/18  By: _____
DOUGLAS MOLLOY
ATTORNEY FOR DEFENDANT

Date: 10/25/18  By: _____
JOHN MCGEE, VICE PRESIDENT
AUTHORIZED CORPORATE
REPRESENTATIVE OF DEFENDANT

6