UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-20708-cr-KMW

UNITED STATES OF AMERICA

v.

SHORELINE FOUNDATION, INC.,

Defendant.
_____/

## FACTUAL PROFFER

The United States of America and the defendant, SHORELINE FOUNDATION, INC., agree that that if this matter were to proceed to trial, the United States would prove the following facts beyond a reasonable doubt:

1. The U.S. Coast Guard ("USCG") is an agency of the United States Department of Homeland Security responsible for the care and maintenance of maritime aids to navigation.

2. In 2012, the U.S. Coast Guard ("USCG") began the process of replacing four aging channel marker range lights in the Port of Miami. Embedded into the sea floor and rising out of the water, the range lights are aids to navigation that guide boats through the Miami channel.

3. The USCG obtained a permit from the Florida Department of Environmental Protection ("FDEP") on January 30, 2013, and a permit from the United States Army Corps ("USACE") on March 27, 2013. The permits established terms and conditions designed to protect marine and benthic resources.

4. On May 3, 2013, the USCG solicited bids for a project to replace the channel marker range lights in the Port of Miami. As part of a competitive bidding process, the defendant submitted a bid to complete the project for $2,864,454.00. On June 5, 2013, the USCG awarded

1

the project to the defendant. At every stage of the bidding process, the USCG alerted the defendant of the FDEP and USACE permit requirements.

5. The USCG's contract with the defendant established specifications for the construction of the four new range markers. Through incorporation of the USACE permit, the USCG's contract with the defendant also specified terms and conditions for the protection of coral during construction. Some of the specifications for the protection of coral included:

   a. Pre-construction surveys within the radius of the construction impact zone;
   b. Relocation of coral meeting size parameters prior to construction;
   c. The assistance of a scientific diver during barge movements and spudding to mitigate impact to benthic resources in the secondary construction zones; and
   d. Post-construction surveys within thirty days of the completion of the work.

The USCG contract and USACE permit required the same terms and conditions for the demolition of the old range makers as well. The USCG contract and the USACE permit required compliance with these conditions.

6. The defendant hired a subcontractor to perform the required environmental compliance for the total amount of approximately $74,000.

Non-Performance of Required Safeguards During Construction

7. In May and June 2014, the subcontractor performed pre-construction surveys of the four construction sites, as required. The subcontractor identified 162 different species of coral in the construction sites. While one of the sites had no coral, and a second site had only 33 coral colonies meeting the parameters for relocation, two of the sites had substantial coral. The site "Government Cut Rear – Proposed" ("GCR-P") was in a coral reef with abundant coral and several colonies of endangered Staghorn coral (*Acropora cervicornis*) in the radius of the construction

2

footprint. The site contained 231 colonies of coral and octocoral that met the parameters for relocation. Likewise, the site "Miami Main Rear – Proposed" ("MMR-P") contained abundant coral and at least one colony of endangered Staghorn coral. The site contained 332 colonies of coral and octocoral that met the parameters for relocation.

8. In July and September, 2014, the defendant performed construction at sites MMR-P and GCR-P respectively, but the subcontractor had not initiated coral relocation at these sites, Responsible senior SFI managers were aware of the requirement for relocation and the fact that it had not yet occurred. Additionally, the defendant's work barges spudded at these sites without scientific diver guidance on spudding locations. Likewise, senior SFI managers were aware not only of the permit requirement for scientific diver assistance but also that spudding occurred at these sites without it.

Non-Performance of Required Safeguards During Demolition

9. In the spring of 2015, the subcontractor reminded responsible senior SFI managers that it was necessary to perform pre-demolition surveys of coral at the four demolition sites and indicated that the subcontractor was standing by to perform the surveys.

10. From approximately April 21, 2015 through June 5, 2015, the defendant performed the demolition of the existing channel marker range lights. The demolition occurred without pre-demolition coral surveys. The defendant performed the demolition despite the knowledge of senior SFI managers that pre-demolition surveys had not occurred, that there had been no opportunity for the relocation of any coral within the demolition work zone and attached to the range lights, and that SFI crews had no guidance from scientific divers about where to spud.

Submission of a Representative False Claim

11. Specifically, on May 6, 2015, the defendant's work logs indicate that the defendant went to the old range marker at site Government Cut Rear-Existing ("GCR-E"), spudded down, and removed the channel marker.

12. Because there was no pre-demolition survey, it is impossible to know the impact of the demolition on coral at GCR-E and the other three demolition sites.

13. Throughout the construction and demolition, the defendant submitted claims to the USCG for payment.

14. On June 3, 2015, the defendant submitted an invoice for May 2015. The May 2015 invoice indicated that the USCG had paid the defendant $2,439,888.00 to date and requested $375,061.75 for all of the work performed in May 2015, including the demolition of GCR-E. As with all of the previous twelve progress payment invoices that the defendant had submitted to the USCG, the invoice certified that the "amounts requested are only for performance in accordance with the specifications and conditions of the contract."

15.     The defendant completed all construction and demolition in approximately June 2015 but did not submit its post-construction and demolition survey until the spring of 2016. During the process of preparing its final report, a senior manager for the defendant discouraged the subcontractor from reporting the environmental compliance failures to the USCG.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 10/23/18          By: _____
                             JAIME A. RAICH
                             ASSISTANT UNITED STATES ATTORNEY

Date: 10/23/18          By: _____
                             DOUGLAS MOLLOY
                             ATTORNEY FOR DEFENDANT

Date: 10/23/18          By: _____
                             JOHN MCGEE, VICE PRESIDENT
                             AUTHORIZED REPRESENTATIVE OF
                             DEFENDANT

5